**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES KIRKHAM et al.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**TAXACT, INC.,**<br>**Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 23-3303** |

**ORDER**

**AND NOW** this 4th day of January 2024, in light of Defendant TaxAct. Inc.'s Motion to Compel Arbitration and Stay Proceedings (ECF No. 30);

**WHEREAS** Defendant TaxAct has moved to compel arbitration (ECF No. 30);

**WHEREAS** the appropriate legal standard to apply to a motion to compel arbitration varies, with Federal Rule of Civil Procedure 12(b)(6) providing the standard "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause," *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks and citation omitted), and with Federal Rule of Civil Procedure 56(a) providing the standard if a "district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate," *White v. Sunoco, Inc.*, 870 F.3d 257, 262 (3d Cir. 2017) (quoting *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir. 2014));

**WHEREAS** the Third Circuit has held that Federal Rule of Civil Procedure 12(d), which provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" that is being converted into a motion for summary judgment, Fed R. Civ. P. 12(d), applies to motions to compel arbitration, *Robert D. Mabe, Inc. v. OptumRX*, 43

F.4th 307, 329-30 (3d Cir. 2022) (citing *Guidotti*, 716 F.3d at 775 n.6);

**WHEREAS** both TaxAct and Plaintiffs James Kirkham and Matthew Sessoms have attached exhibits to their briefs on TaxAct's motion (ECF Nos. 30, 31). Accordingly, the parties are hereby given **NOTICE** that TaxAct's motion will be evaluated under the summary judgment standard. Fed. R. Civ. P. 56(a).

**IT IS ORDERED** that the parties shall have until January 12, 2024 to file on the docket any additional exhibits they consider pertinent to TaxAct's motion. *Guidotti*, 716 F.3d at 775 n.6.

**IT IS FURTHER ORDERED** that, if additional "formal discovery, limited to the question of arbitrability" is necessary, *Robert D. Mabe*, 43 F.4th at 330 (citation omitted), the parties shall inform the Court no later than January 12, 2024.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**