UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 2:23-CV-3303-WB<br><br>**ECF CASE**<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT TAXACT, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

BACKGROUND ........ 1

ARGUMENT ........ 3

I. Plaintiffs' Motion Is Premature, as TaxAct's Motion to Compel is Pending. ........ 3

II. Appointment of Interim Class Counsel Is Inappropriate and Unwarranted, as There Has Been No Consolidation of the Pending Class Action Cases and There Are No Other Similar Cases Filed Against TaxAct in This District. ........ 4

III. Appointment of Interim Class Counsel Is Not the Proper Vehicle to Oppose Class Settlement in *Smith-Washington*, Which Was Filed First and Is at The Most Advanced Stage of Litigation. ........ 8

IV. Plaintiffs And Their Counsel Do Not Otherwise Satisfy the Requirements of Rule 23(g)(3). ........ 9

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beture v. Samsung Elecs. Am., Inc.*,
No. 17-5757 (SRC), 2018 WL 3159875 (D.N.J. Mar. 27, 2018) ....................7

*Burns v. Navistar, Inc.*,
No. 10CV2295-LAB (BGS), 2011 WL 13071147 (S.D. Cal. Feb. 24, 2011)..................4, 5, 6

*Butler v. Fluor Corp.*,
No. 0:17-CV-02201-JMC, 2018 WL 11474068 (D.S.C. Jan. 24, 2018) ....................3

*Chacanaca v. Quaker Oats Co.*,
No. C 10-0502 RS, 2011 WL 441324 (N.D. Cal. Feb. 3, 2011)....................4

*Churchill Village, L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ....................9

*Davis v. GEICO Cas. Co.*,
No. 2:19-cv-2477, 2021 WL 4876213 (S.D. Ohio May 20, 2021)....................5, 6, 7, 11

*Donaldson v. Pharmacia Pension Plan*,
No. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006) ....................5

*Dudenhoefer v. Fifth Third Banc.*,
No. 1:08-CV-538, 2009 WL 10678975 (S.D. Ohio Mar. 25, 2009)....................1, 7

*Garbaccio v. St. Joseph's Hosp. & Med. Ctr.*,
No. 16-2740 (JMV), 2017 WL 1196458 (D.N.J. Mar. 13, 2017)....................10

*Knisley v. Network Assocs., Inc.*,
312 F.3d 1123 (9th Cir. 2002) ....................9

*Le v. Walgreen Co.*,
No. SACV181548-DOC, 2019 WL 13020240 (C.D. Cal. Oct. 11, 2019) ....................4

*Levey v. Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V.*,
529 F. Supp. 3d 856 (N.D. Ill. 2021) ....................6

*Mey v. Patriot Payment Grp., LLC*,
No. 5:15-CV-27, 2016 WL 11501481 (N.D. W. Va. Jan. 5, 2016) ....................5

*Milkboy Ctr. City LLC v. Cincinnati Cas. Co.*,
No. 20-2036, 2020 WL 7633975 (E.D. Pa. Dec. 22, 2020)....................10

*Navarrete v. Hill's Pet Nutrition, Inc.*,
No. C 19-00767 WHA, 2019 WL 1932388 (N.D. Cal. May 1, 2019)......7

*Nutz for Candy v. Ganz, Inc.*,
No. C 08-2873 JSW, 2008 WL 4332532 (N.D. Cal. Sept. 19, 2008)......5

*Roe v. Arch Coal, Inc*,
No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, (E.D. Mo. Nov. 2, 2015)......7

*Sajfr v. BBG Commc'ns, Inc.*,
No. 10-cv-2341-H(NLS), 2011 WL 765884 (S.D. Cal. Feb. 25, 2011)......3

*Santos v. Carrington Mortg. Servs., LLC*,
No. 2:15-cv-864, 2017 WL 215969 (D.N.J. Jan. 18, 2017)......7, 8, 9

*Tolmasoff v. Gen. Motors, LLC*,
No. 16-11747, 2016 WL 3548219 (E.D. Mich. June 30, 2016)......7

*In re Vanguard Chester Funds Litig.*,
625 F. Supp. 3d 362 (E.D. Pa. 2022)......9, 10, 11

*Webb v. Onizuka*,
No. CIV.08-00487 DAE-LEK, 2009 WL 1687492 (D. Haw. June 15, 2009)......3

*White v. TransUnion, LLC*,
239 F.R.D. 681 (C.D. Cal. 2006)......7, 8, 9

**Statutes & Rules**

18 U.S.C. §§ 2510-2523 (Electronic Communications Privacy Act)......2

815 Ill. Comp. Stat. 505/1-505/12 (Ill. Consumer Fraud and
Deceptive Bus. Act)......3

Fed. R. Civ. P. 23(2)(A) 2003 advisory committee's note......6

Fed. R. Civ. P. 23(g)(1)(B)......10

Fed R. Civ. P. 23(g)(2)(A) 2003 advisory committee's note......4, 6

Federal Rule of Civil Procedure 23(g)(3)......1, 9, 10, 11

## INTRODUCTION

TaxAct moved to compel arbitration and stay proceedings ("Motion to Compel") on November 10, 2023. The Motion to Compel has been fully briefed since January 17, 2024. Dkt. No. 40. TaxAct's Motion to Compel encompasses all of Plaintiffs' claims in this Action. Plaintiffs now move to appoint interim class counsel under Federal Rule of Civil Procedure 23(g)(3) ("Motion").

Plaintiffs' Motion is premature and unwarranted for several reasons. *First*, TaxAct's dispositive Motion to Compel is pending before this Court. If the Court grants TaxAct's Motion to Compel, there will be no class for Plaintiffs' counsel to represent. The Court should rule on the Motion to Compel first. *Second*, Plaintiffs' appointment of interim class counsel is improper because there are other class action cases pending in other federal court districts that were filed before this case. Moreover, none of the pending cases have been consolidated. *Third*, Plaintiffs' Motion appears to be motivated by a desire to potentially object to TaxAct's settlement in principle with the plaintiffs in *Smith-Washington v. TaxAct, Inc.*, Case No. 3:23-CV-00830-VC (N.D. Cal.), a putative nationwide class action case that is based on an identical factual predicate. But the weight of authority makes clear a motion to counsel class counsel is not the proper vehicle to oppose that settlement. Instead, Plaintiffs can formally lodge an objection at a fairness hearing. The Court should not permit an end-run around the objection procedure in the Northern District of California by granting the present Motion.

The Court should deny Plaintiffs' Motion.

## BACKGROUND

Plaintiff James Kirkham filed this Action on July 25, 2023 in the Court of Common Pleas in Philadelphia County, Pennsylvania as a class action lawsuit brought on behalf of Pennsylvania residents. Dkt. No. 1 at 2. TaxAct timely removed this action on August 23, 2023, and then moved

to compel arbitration and stay proceedings on September 29, 2023. Dkt. No. 1; Dkt. No. 21. While TaxAct's original motion to compel arbitration was pending, Plaintiffs were granted leave to file their First Amended Complaint ("FAC"), which mooted TaxAct's original motion. Dkt. No. 26. TaxAct filed the pending Motion to Compel on November 10, 2023. Dkt. No. 30. The Motion to Compel has been fully briefed since January 17, 2024, Dkt. No. 40, and remains the focal point of this case.

TaxAct is defending putative class actions premised on the same factual predicate as this matter in two *other* districts. Both of those cases were filed *before* this case. The first case is *Smith-Washington v. TaxAct, Inc.*, Case No. 3:23-CV-00830-VC in the Northern District of California. The original complaint in *Smith-Washington* was filed on January 24, 2023 in the Superior Court of California, County of Alameda—six months before the complaint in this matter. Case No. 3:23-CV-00830-VC, Dkt. No. 1 at 2. TaxAct removed the *Smith-Washington* action to federal court on February 23, 2023. *Id.* The plaintiffs filed their first amended complaint on June 20, 2023. Case No. 3:23-CV-00830-VC, Dkt. No. 40. *Smith-Washington* includes claims based on the California Constitution, California statutes, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2523. Case No. 3:23-CV-00830-VC, Dkt. No. 56. The plaintiffs sought certification of a nationwide class and a California subclass of natural persons who used TaxAct's website to prepare a tax return on or prior to November 23, 2022. *Id.* at 36. The plaintiffs also sought a married filers class and a married filers California subclass of natural persons for whom their spouse used TaxAct's website's tax preparation services to prepare a joint tax return with them on or prior to November 23, 2022. *Id.* at 36. Whereas this case has focused on the pending Motion to Compel, the parties in *Smith-Washington* already engaged in significant discovery, and on January 9, 2024, reached a settlement in principle. Case No. 3:23-CV-00830-VC, Dkt. No. 106 at 2. That court has

ordered that the parties submit a finalized settlement agreement and joint motion for preliminary approval of the settlement by February 16, 2024. Case No. 3:23-CV-00830-VC, Dkt. No. 107.

The second case is *Hartz v. TaxAct, Inc.*, 1:23-cv-04591, pending in the United States District Court for the Northern District of Illinois. The complaint in *Hartz* was filed on July 15, 2023, again before this case was filed. Case No. 1:23-cv-04591, Dkt. No. 1. The plaintiff in *Hartz* alleges that TaxAct violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1–505/12 and also alleges breach of implied contract and unjust enrichment causes of action. *Id.* The plaintiff seeks certification of an Illinois class, defined as "[a]ll persons in the State of Illinois who used TaxAct from 2014 through the present." *Id*. at 6. The parties are to file a joint status report to update the court on the progress of settlement by February 14, 2024. Case No. 1:23-cv-04591, Dkt. No. 27.

**ARGUMENT**

**I. Plaintiffs' Motion Is Premature, as TaxAct's Motion to Compel is Pending.**

The appointment of interim class counsel is inappropriate because the Motion to Compel is pending before this Court. If the Court were to grant the Motion to Compel, then that would require plaintiffs—including any putative class members—to engage in individual arbitration and would result in there being no class at all. The Court should rule on the Motion to Compel first. Indeed, courts have emphasized that motions to appoint interim class counsel are premature, where, as here, there are pending dispositive motions that may eliminate the need to consider class certification altogether. *See Webb v. Onizuka*, No. CIV.08-00487 DAE-LEK, 2009 WL 1687492, at *1 (D. Haw. June 15, 2009) (finding motion for interim lead counsel appointment premature because "there are pending motions to dismiss" that would moot the motion); *Butler v. Fluor Corp.*, No. 0:17-CV-02201-JMC, 2018 WL 11474068, at *2 (D.S.C. Jan. 24, 2018) (same); *Sajfr v. BBG Commc'ns, Inc.*, No. 10-cv-2341-H(NLS), 2011 WL 765884, at *3 (S.D. Cal. Feb. 25,

2011) (same); *see also Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 441324, at *2 (N.D. Cal. Feb. 3, 2011) (denying motion to appoint interim class counsel in light of motion pending before MDL panel); *Le v. Walgreen Co.*, No. SACV181548-DOC (ADSx), 2019 WL 13020240, at *2 (C.D. Cal. Oct. 11, 2019) (denying motion in light of upcoming mediation). The rationale behind these rulings applies even more strongly in the arbitration context, because if the Court were to grant the pending Motion to Compel, there would never be a class at any point.

## II. Appointment of Interim Class Counsel Is Inappropriate and Unwarranted, as There Has Been No Consolidation of the Pending Class Action Cases and There Are No Other Similar Cases Filed Against TaxAct in This District.

Plaintiffs also assert that appointment of class counsel is necessary because there are other matters—*Smith-Washington* and *Hartz*—that are being litigated at the same time. But the appointment of interim class counsel at such an early stage is appropriate only where there are multiple, similar cases pending in the *same District*. The rationale behind this requirement is that the pendency of multiple cases in the same District may cause "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed R. Civ. P. 23(g)(2)(A) 2003 advisory committee's note. But that same rationale does not apply where the pending cases are in different districts because there should be little confusion that it is "the responsibility of [Plaintiffs' counsel] to protect the interests of the putative class through the discovery, certification, and motions process" before this Court. *Burns v. Navistar, Inc.*, No. 10CV2295-LAB (BGS), 2011 WL 13071147, at *2 (S.D. Cal. Feb. 24, 2011). In other words, unlike in situations where there are multiple cases filed in the same district on behalf of the same class causing confusion about which plaintiffs' counsel represents a single putative class, there should be no confusion here as this is the *only* class action against TaxAct in this the Eastern District of Pennsylvania or anywhere in Pennsylvania.

Courts across the country have routinely rejected motions to appoint interim class counsel where, as here, there is only a single case pending in the pertinent District. *See, e.g.*, *id.*; *Mey v. Patriot Payment Grp., LLC*, No. 5:15-CV-27, 2016 WL 11501481, at *2 (N.D. W. Va. Jan. 5, 2016) (denying motion to appoint class counsel, reasoning: "This Court only has one case involving PPG before it at this time, and there is no uncertainty as to Bailey & Glasser's responsibility for overseeing the putative class's interests pertaining thereto in this Court. The fact that another similar suit is pending in another court does not, without more, create the sort of 'rivalry or uncertainty' that justifies the appointment of interim counsel."); *Davis v. GEICO Cas. Co.*, No. 2:19-cv-2477, 2021 WL 4876213, at *2 (S.D. Ohio May 20, 2021) ("[T]he Court agrees with Defendants that appointment of interim class counsel would be premature. The [other] case is pending in another district and has not been consolidated with this case."); *Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("[T]he Court's research indicates that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court."); *Nutz for Candy v. Ganz, Inc.*, No. C 08-2873 JSW, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008) (rejecting motion for appointment of interim counsel where the court had "a single action and a single firm seeking to be appointed interim lead counsel," despite pendency of similar cases in other Districts that had not been consolidated before the court).

Here, there is no confusion about which firm has the "responsibility of [movant's counsel] to protect the interests of the putative class." *Burns*, 2011 WL 13071147, at *2. Moreover, Plaintiffs do not allege that there have been any disagreements between Plaintiffs' counsel in this matter and putative class counsel in the other pending matters, and certainly do not explain how any such (non-existent) disagreement would harm the putative class in case. Plaintiffs' speculation

about "what can reasonably be anticipated to occur," Mot. at 6, falls far short of the "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed R. Civ. P. 23(g)(2)(A) 2003 advisory committee's note.

It is further notable that Plaintiffs do not claim that *Smith-Washington*'s counsel—who identified a putative nationwide class that would include a Pennsylvania class based on their operative complaint—is unable to adequately represent the putative Pennsylvania class or has otherwise demonstrated a lack of ability to do so. To the contrary, the federal rules *require Smith-Washington*'s counsel to act in the best interests of the putative class as a whole, regardless of whether counsel is "formally designated interim counsel" or not. *See* Fed. R. Civ. P. 23(2)(A) 2003 advisory committee's note ("Whether or not formally designated interim counsel," any "attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole."); *see Davis*, 2021 WL 4876213, at *2 (rejecting motion to appoint interim class counsel for the same reason). Plaintiffs here do not even attempt to demonstrate that *Smith-Washington*'s counsel has fallen short of that requirement.

Similarly, there has been no motion to consolidate the various actions before this Court or any other court, again underscoring the premature and unnecessary nature of this Motion. *See Levey v. Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856, 867 (N.D. Ill. 2021) ("Typically, courts find interim counsel necessary only 'where a large number of putative class actions have been consolidated or otherwise *are pending in a single court*.'") (emphasis in original, citation omitted); *Burns*, 2011 WL 13071147, at *2 ("Plaintiff is right that none of the cases on which Defendants rely announces a black-letter rule requiring that cases be consolidated in a single court before the appointment of interim class counsel is appropriate, but that doesn't change the fact that there is more case law on Defendant's side than on Plaintiff's.")

(emphasis in original omitted); *Dudenhoefer v. Fifth Third Banc.*, No. 1:08-CV-538, 2009 WL 10678975, at *2 (S.D. Ohio Mar. 25, 2009); *Navarrete v. Hill's Pet Nutrition, Inc.*, No. C 19-00767 WHA, 2019 WL 1932388, at *1 (N.D. Cal. May 1, 2019) ("The putative class would instead be better served by waiting for the JPML's determination regarding consolidation prior to the appointment of interim counsel. Should the cases be consolidated, interim counsel should possibly be appointed once all parties and their counsel have been given a fair opportunity to be heard.").[1] Here, not only has no consolidation of cases occurred, no party in any of the other class action cases against TaxAct has moved for consolidation. Such considerations are exactly why "the caselaw overwhelmingly suggests courts should not appoint interim class counsel in competing putative class actions when the competing actions are pending before different courts [and there has been no consolidation]." *Davis*, 2021 WL 4876213, at *3.

Plaintiffs' cited authorities are inapposite. For example, *Roe v. Arch Coal, Inc.* involved two actions that had been filed in *same* federal district. No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, (E.D. Mo. Nov. 2, 2015). That was also true in *Tolmasoff v. Gen. Motors, LLC*, in which the court appointed interim class counsel when similar cases were filed in other courts *after* the case before it had been filed, citing concerns of "'copycat' actions." No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016). Unlike there, *this* action is the copycat action. Moreover, the *Tolmasoff* court did not cite caselaw in support of its decision; did not address the multitude of caselaw weighing against its decision; and did not consider the implications of the competing actions proceeding in different courts. *Id. Beture v. Samsung Elecs. Am., Inc.*, likewise failed to provide meaningful analysis in appointing class counsel, and largely based its decision

[1] *See also Santos v. Carrington Mortg. Servs., LLC*, No. 2:15-cv-864 (WHW-CLW), 2017 WL 215969, at *2 (D.N.J. Jan. 18, 2017); *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (collecting cases).

on the possibility of "competing counsel." No. 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018). Here, Plaintiffs have made no such showing.

### III. Appointment of Interim Class Counsel Is Not the Proper Vehicle to Oppose Class Settlement in *Smith-Washington*, Which Was Filed First and Is at The Most Advanced Stage of Litigation.

Finally, the "[a]ppointment of interim class counsel is not the proper vehicle by which to oppose [] settlement." *White, LLC*, 239 F.R.D. at 684. Other courts have arrived the same conclusion in similar circumstances, and ultimately denied motions to appoint counsel where it was clear that appointment motions were being used to collaterally attack the settlement process taking place in another court. *See e.g.*, *Santos*, 2017 WL 215969, at *3 ("Instead, the timing of Plaintiff's motion, the circumstances surrounding the motion, and the justification offered may suggest that Plaintiff seeks appointment of interim class counsel to disrupt settlement discussions taking place in overlapping cases and gain leverage in settlement negotiations."); *White, LLC*, 239 F.R.D. at 684 ("The Court will not allow appointment of interim counsel to prematurely effect this purpose, particularly where doing so would impede the integrity of the settlement process for the [] Plaintiffs and there has been no showing why such appointment is necessary.").

At bottom, Plaintiffs' Motion is for the purposes of objecting to proposed settlement in the *Smith-Washington* action out of nothing more than highly speculative concern that such a settlement may, in some unclear way, prejudice the Pennsylvania putative class. *See* Mot. at 5 ("While Plaintiffs Kirkham and Sessoms do not know the terms of the agreement between the California plaintiffs and TaxAct, the First Amended Complaint in the California Action requests the certification of a nationwide class even though the California plaintiffs are California residents and none of their claims arise under Pennsylvania law…."). Even though the parties in *Smith-Washington* have not filed their motion for preliminary approval—underscoring the fact that Plaintiffs' attempt here to collaterally attack a proposed settlement is premature and

inappropriate—the timing and circumstances surrounding Plaintiffs' Motion make clear the purpose of the Motion.

But to the extent that Plaintiffs have any legitimate concerns[2] once the proposed settlement agreement in *Smith-Washington* is finalized and filed on the public docket, the proper mechanism to raise those concerns is to lodge formal objections in the *Smith-Washington* action itself or to opt-out of a finalized settlement agreement—not through the present Motion. *See White, LLC*, 239 F.R.D. at 684 ("[T]he system provides ample mechanisms for dissatisfied class plaintiffs to object to a class action settlement. These include the lodging of formal objection at a fairness hearing or the exercise of class members' prerogative to opt-out of a finalized settlement agreement."); *Santos*, 2017 WL 215969, at *3 (denying appointment of interim class counsel and noting that "there are a plethora of other appropriate ways that the proposed settlement can be challenged."); *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572-73 (9th Cir. 2004) (explaining that disgruntled class members may challenge approved class action settlement agreement); *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002) ("A dissatisfied class member may object in the district court and may generally appeal an adverse decision.") (citing *Devlin v. Scardelletti*, 536 U.S. 1 (2002)). Plaintiffs do not address this point in their briefing.

## IV. Plaintiffs And Their Counsel Do Not Otherwise Satisfy the Requirements of Rule 23(g)(3).

Under Rule 23(g)(3), the court has power to appoint interim counsel to represent a "putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In making the interim lead class counsel decision, a court looks to the same factors as it would when making the class counsel appointment decision. *In re Vanguard Chester Funds Litig.*, 625

---

[2] Plaintiffs have not articulated any particular reason why Pennsylvania class members would not be adequately protected as part of a nationwide class. This is particularly notable because there is little difference between the claims alleged in the *Smith-Washington* action and the ones here.

F. Supp. 3d 362, 365 (E.D. Pa. 2022); *Milkboy Ctr. City LLC v. Cincinnati Cas. Co.*, No. 20-2036, 2020 WL 7633975, at *3-4 (E.D. Pa. Dec. 22, 2020). Those factors are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. The court may also look to "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As relevant here, such additional factors may include (1) which plaintiff filed first, and (2) whether a plaintiff has support of other plaintiffs. *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 367.

As noted, TaxAct believes consideration of this issue is premature and also inappropriate for the reasons stated above and will be prepared to address them in response to proper motion for appointment of class counsel. However, to the extent that the Court intends to consider this issue now, TaxAct submits that Plaintiffs' counsel does not make the requisite showing under Rule 23 for numerous reasons. Plaintiffs were the last to file their complaint against TaxAct and have also done comparatively less work. "Being the first to file can raise an inference that the first-filing party has spent more time and resources investigating the matter." *In Re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 367; *see also Garbaccio v. St. Joseph's Hosp. & Med. Ctr.*, No. 16-2740 (JMV), 2017 WL 1196458, at *3 (D.N.J. Mar. 13, 2017). The first-to-file principle is particularly salient when the *Smith-Washington* action is taken into consideration, because that case is much further along than the present case, and plaintiffs' counsel in that case have expended far more resources that counsel in this one. *Smith-Washington* was filed approximately six months prior to this Action, and the parties have undertaken significant post-filing discovery in that case, including

depositions and significant documentary productions. Further, the parties have mediated their dispute and have engaged in extensive settlement negations. In comparison, TaxAct has only responded to one set of requests for production and one set of interrogatories in this Action, and the disposition of this Action hinges on TaxAct's Motion to Compel. As such, Plaintiffs' counsel has not performed significant work relative to plaintiffs' counsel in the other class action cases. *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 366.

Further, while Plaintiffs recite the qualifications of their counsel in this matter, they have provided the Court "no information about the qualifications of the [the *Smith-Washington* or *Hartz*] counsel." *Davis* 2021 WL 4876213, at *2 (denying motion for appointment). They likewise "do not address how designation of interim class counsel in this case would impact the [other] action[s]." *Id*. Finally, Plaintiffs make no representations about whether their counsel have the support of other plaintiffs and plaintiffs' counsel, which cuts against the present Motion. *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 370.

As such, even if the Court were to consider the Rule 23(g) factors—it should not for the reasons already stated—Plaintiffs fail to make the requisite showing.

## CONCLUSION

For the foregoing reasons, TaxAct requests that the Court deny Plaintiffs' motion to appoint interim class counsel.

Dated: February 5, 2024

Respectfully submitted,

/s/ *James W. Ducayet*

James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
Ankur Shingal (*pro hac vice*)
ashingal@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Tyson Y. Herrold (314262)
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 564-3286
therrold@bakerlaw.com

*Attorneys for Defendant TaxAct, Inc.*

**CERTIFICATE OF SERVICE**

I, James W. Ducayet, certify that on this 5th day of February 2024, I caused the foregoing Opposition to Plaintiffs' Motion to Appoint Interim Class Counsel to be filed on the Court's ECF system where it is available for viewing and downloading.

*/s/ James W. Ducayet*
James W. Ducayet