IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and | : | Civil Action No. 2:23-CV-3303-WB |
| MATTHEW SESSOMS, on behalf of himself and all others similarly situated, | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| v. | : | |
| TAXACT, INC., | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL**

COHEN, PLACITELLA & ROTH, P.C.
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jgoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

## I. Introduction

In its opposition to Plaintiffs' Motion, Defendant TaxAct, Inc., is correct about one thing. Plaintiff James Kirkham and Matthew Sessoms ("Pennsylvania Plaintiffs") are concerned about TaxAct's selective enforcement of the arbitration provision in its Terms of Service and License Agreement against the Pennsylvania Plaintiffs all the while agreeing to a class-wide settlement in *Smith-Washington v. TaxAct, Inc.*, No. 23-00830 (N.D. Cal.) ("California Action"). TaxAct's opposition to the Motion to Appoint Interim Class Counsel confirms that TaxAct is trying to selectively waive arbitration—maintaining it in one case while relinquishing it in another—so that it can enter into a settlement agreement with its preferred plaintiffs on its preferred terms, which it appears, would affect all plaintiffs including those in Pennsylvania who have claims unique unto them under Pennsylvania law. That TaxAct prefers to work with one group of plaintiffs to others underscores, rather than diminishes, the need for the appointment of interim class counsel to represent and guard the interests of the members of the putative Pennsylvania classes.

The Pennsylvania Plaintiffs' Motion to Appoint Interim Class Counsel should be granted for all the reasons below.

## II. Argument

**First**, appointing interim class counsel would prevent a "race to the bottom" and ensure that TaxAct cannot seek out its desired adversaries to negotiate with. This is a significant concern here. *See Bielski v. Coinbase, Inc.*, No. 21-07478, 2022 WL 17650535, *3 (N.D. Cal. Dec. 13, 2022) (mindful of the concern of a "sweetheart"

settlement, the district court suggested appointment of interim class counsel might be appropriate at the "beginning" of any settlement negotiations "that could affect the putative classes"); *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("The designation of interim class counsel is especially encouraged in cases . . . where there are multiple overlapping class actions that require extensive pretrial coordination.").

While TaxAct claims that the Motion to Appoint Interim Class Counsel is premature because TaxAct's Motion to Compel Arbitration remains undecided, Db1, the same is true of its Motion to Compel Arbitration in the California Action. Case No. 23-00830, ECF No. 107. Because the motions to compel arbitration remain pending in both cases, there is no merit to TaxAct's argument that the California Action is in a more advanced stage of the proceedings. What distinguishes the two is the plaintiffs' perceived notions of the strengths and weaknesses of their cases and their willingness *vel non* to settle on TaxAct's preferred terms.

The Pennsylvania Plaintiffs are, of course, not casting aspersions on the California Plaintiffs or their counsel. The point is that, without appointed leadership representing Pennsylvania's taxpayers, the process that led to the settlement in principle in the California Action has been defined at every turn by a rush to settlement. That only inures to the benefit of TaxAct for it disadvantages the putative Class Members in the Pennsylvania Action and even those in the California Action.

In a case involving confidential and sensitive tax return information like the

one at hand, there is no need for a sprint to settlement and much to recommend for further developing the claims. Appointing Cohen, Placitella & Roth, P.C., and its members as Interim Class Counsel[1] would provide an important counterbalance missing from the settlement discussions that is necessary to protect the interests of TaxAct's Pennsylvania users and avoid a race to the bottom or even the appearance of same.

**<u>Second</u>**, even if the settlement in the California action were a good deal for some of TaxAct's users, it may not be a good one for its Pennsylvania users, considering their rights under Pennsylvania law. *See Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 129 (3d Cir. 2022) (observing that the Pennsylvania Wiretap Act "is to be strictly construed to protect individual privacy rights"). As TaxAct reveals in its papers, it has reached a settlement in principle in the California Action, which it notes is a "putative nationwide class action case." Db1. Unlike the laws of many states, including those asserted in the California Action, Pennsylvania is a two-party consent state with statutory, actual, and punitive damages available to plaintiffs under the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("Pennsylvania Wiretap Act"), 18 Pa. C.S. § 5701, *et seq.*, along with attorney's

[1] TaxAct obliquely challenges the qualifications of Plaintiffs Kirkham and Sessoms. Their adequacy to serve as class representatives is not at issue here in deciding whether to appoint interim class counsel.

fees and costs.[2] Because the settlement in the California Action was negotiated behind closed doors, the Pennsylvania Plaintiffs do not know its terms. But suppose the California Action is being settled on a nationwide basis. In that case, plaintiffs from states without such favorable laws will receive a windfall, while those from states like Pennsylvania will be short-changed. Appointing the Pennsylvania Plaintiffs' Counsel as interim class counsel is therefore necessary to protect the interests of the members of the putative Pennsylvania Classes. *See, e.g.*, *In re Flint Water Cases*, No. 16-10444, 2019 WL 11787971, *2 (E.D. Mich. Sept. 5, 2019) (appointing interim class counsel to represent subclasses).

**Third**, TaxAct has waived its right to arbitration (to the extent it has such a right, which Plaintiffs dispute). Waiver occurs when a party has "intentional[ly] relinquish[ed] or abandon[ed] . . . a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). In determining whether a party has waived arbitration, a "court focuses on the actions of the p[arty] who held the right" and "is informed by the circumstances and context of each case." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339-40 (3d Cir. 2023) (internal citations omitted). By agreeing to a settlement in principle on a class-wide basis outside arbitration, TaxAct has knowingly and intentionally relinquished any right it may have to arbitration and

[2] *Compare Popa*, 52 F.4th at 133 (noting Pennsylvania Wiretap Act "applies when anyone intercepts communications—that is, takes an action to acquire them with a device. And it requires all parties—not just *a* party—to consent to that interception"), *with In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 276 (3d Cir. 2016) (observing that the California Invasion of Privacy Act "does not apply when the alleged interceptor was a party to the communications.").

enforce a class action waiver. Furthermore, and perhaps more importantly, in agreeing to the settlement in principle, TaxAct has further confirmed that arbitration provision in its Terms of Service and License Agreement is not mutually binding and therefore lacks consideration, thereby making it unenforceable. *See* ECF No. 36-1, pgs. 7-11.

## III. Conclusion

For all these reasons, Plaintiffs ask the Court to appoint Cohen, Placitella & Roth, P.C., Jamie P. Goslee, Michael Coren, Eric S. Pasternack, and Jared M. Placitella as Interim Class Counsel.

Respectfully submitted,

COHEN, PLACITELLA & ROTH, P.C.

By: /s/ James P. Goslee
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jgoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

Dated: February 8, 2024