**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 2:23-CV-3303-WB<br><br>**ECF CASE** |

**DEFENDANT TAXACT, INC.'S EMERGENCY MOTION TO STAY THIS COURT'S FEBRUARY 12, 2024 ORDER REQUIRING AFFIRMATIVE INJUNCTIVE CONDUCT BY TAXACT (DKT .NO. 50) OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE SAME**

Defendant TaxAct, Inc. ("TaxAct"), by and through its undersigned attorneys, respectfully moves on an emergency basis for this Court to stay its February 12, 2024 Order Granting Plaintiffs' Motion for a Protective Order ("Order") (Dkt. No. 50) and requiring TaxAct to post the Order on TaxAct's public website above its current Terms of Service and License Agreement. TaxAct requests that the Court stay the Order *in toto* to avoid the severe prejudice that will ensue with inconsistent rulings between putative overlapping pending class actions and likely customer confusion. If the Court after consideration declines TaxAct's request for a stay and is inclined to require some public statement, TaxAct has included proposed alternative language for the Court's consideration. The reasons for this motion are discussed fully in the accompanying Memorandum of Law. Alternative proposed orders are attached for the Court's consideration.

Dated: February 16, 2024

Respectfully submitted,

/s/ *James W. Ducayet*
James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
Ankur Shingal (*pro hac vice*)
ashingal@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Tyson Y. Herrold (314262)
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 564-3286
therrold@bakerlaw.com

*Attorneys for Defendant TaxAct, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

TAXACT, INC.,

Defendant.

Civil Action No.: 2:23-CV-3303-WB

**ECF CASE**

**DEFENDANT TAXACT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY MOTION TO STAY THIS COURT'S FEBRUARY 12, 2024 ORDER REQUIRING AFFIRMATIVE INJUNCTIVE CONDUCT BY TAX ACT (DKT .NO. 50) AND, OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE SAME**

## INTRODUCTION

This putative class action is the last of three putative class actions filed against TaxAct arising out of virtually identical allegations regarding TaxAct's alleged sharing of confidential tax return information to third-party advertising platforms through the use of tracking technology (including the Facebook/Meta Pixel) on its online tax preparation portal. The first-filed action, *Smith-Washington v. TaxAct, Inc.*, Case No. 3:23-CV-00830-VC, pending before Judge Chhabria in the Northern District of California, was filed six months prior to the *Kirkham* Complaint and, as such, is more procedurally advanced.[1] Case No. 3:23-CV-00830-VC, Dkt. No. 1 at 2. *Smith-Washington* includes two putative nationwide classes that encompass the Pennsylvania putative classes in *Kirkham*: a nationwide class of natural persons who used TaxAct's website to prepare a tax return on or prior to November 23, 2022, and a nationwide married filers class of natural persons for whom their spouse used TaxAct's tax preparation services to prepare a joint tax return on or prior to November 23, 2022. *Smith-Washington*, Case No. 3:23-CV-00830-VC, Dkt. No. 56 at 36.

Because the named plaintiffs in both *Smith-Washington* and *Kirkham* agreed to class waivers and mandatory individual arbitration clauses, TaxAct moved to compel arbitration in both actions. Nevertheless, after lengthy settlement discussions, in part with the assistance of a third-party mediator and to which the *Kirkham* Plaintiffs were advised of and invited to collaborate in, TaxAct has reached a settlement in principle with the lead plaintiffs in the *Smith-Washington* and *Hartz* matters to resolve, on a nationwide basis, both putative class actions as part of *Smith-Washington*. *See Smith-Washington*, Case No. 3:23-CV-00830-VC, Dkt. No. 106; *Hartz*, Case. No. 23-cv-04591, Dkt. No. 29.

[1] A third action, *Hartz v. TaxAct*, 1:23-cv-04591 (N.D. Ill.), seeking relief on behalf of an Illinois class, was filed prior to the *Kirkham* matter on July 15, 2023.

TaxAct notified Judge Chhabria on January 10, 2024 of the settlement in principle, and *Smith-Washington* was formally stayed that same day pending submission of the motion for preliminary approval. *See Smith-Washington*, Case No. 3:23-CV-00830-VC, Dkt. Nos. 106, 107.[2] While the parties in that case are still finalizing the settlement documents and selection of a settlement administrator, the parties expect to file the motion for preliminary approval for the nationwide class settlement on February 23, 2024. *Smith-Washington*, Case No. 3:23-CV-00830-VC, Dkt. No. 109.

Here, of course, no class has been certified, the only putative class pleaded is limited to Pennsylvania users, and this case would not proceed in any class fashion if arbitration is compelled. TaxAct respectfully submits that, for the reasons discussed below, compliance with this Court's February 12, 2024 Order should be at a minimum stayed immediately and, if this matter is not stayed permanently pending the outcome of the *Smith-Washington* preliminary approval motion, reconsidered by this Court to avoid the prejudice and confusion to the putative classes and TaxAct that compliance with its plain language will cause.

*First*, posting the Order itself, without any context or explanation, on the same page as TaxAct's *current* Terms of Service and License Agreement (the "Updated Terms") is prejudicial and confusing. The Order itself contains undefined terms and phrases such as "class," "putative class," "subject matter in this action" and even "protective order" that are unfamiliar to the nationwide consumers that interact with TaxAct on a daily basis. *See* Dkt. No. 50. Furthermore, most customers, particularly new customers and/or non-Pennsylvania customers, will have no context for the *Kirkham* litigation, which has not proceeded through class certification or any

[2] Notably, a similar Motion to the *Kirkham* Plaintiffs' Motion for Protective Order had been filed in Smith-Washington and was stayed by the Judge Chhabria's January 10, 2024 Order. *See Smith-Washington,* Case No. 3:23-CV-00830-VC, Dkt. Nos. 103, 107.

merits determination that would require notice and an explanation to a larger group of TaxAct's consumers. The Order does not explain in simple non-legal terms to a consumer located in Pennsylvania or some other state whether they should pay attention to this legal language and Order or not, and if so, how it may or may not affect their rights.

*Second*, the Order (and in particular, the communication requirements and prohibitions) creates confusion and inconsistencies with Judge Chhabria's stay order and the notification procedures that likely will be required in connection with the forthcoming motion for preliminary approval, prejudicing TaxAct in its attempts to resolve the litigation on a nationwide basis.

*Third*, the Order is unnecessary because TaxAct already has stipulated not to enforce Sections 9, 13, and 14 of the Updated Terms against any putative class member in this litigation for the claims at issue in *Kirkham*, and any settlement on a nationwide class basis would moot the release, class waiver, and venue provisions at the core of those terms. Moreover, the *Kirkham* Plaintiffs did not provide, and the Order did not identify, any evidence that past consumers who are part of the putative *Kirkham* class definitions are or would be confused by the Updated Terms, necessitating the affirmative injunctive relief ordered by the Court.

For these reasons, which are discussed more fully below, TaxAct respectfully requests that the Court immediately stay its February 12, 2024 Order (Dkt No. 50) pending resolution of the forthcoming Motion for Preliminary Approval in the *Smith-Washington* matter and related case-wide Motion to Stay in this matter. To the extent that the Court denies TaxAct's request for an emergency stay and requires TaxAct to post some affirmative notice on its site by the required deadline or some later date, TaxAct would propose to post a plain English disclosure as set forth below.

## BACKGROUND

On December 22, 2023, after review of its Terms of Service and License Agreement in the ordinary course of business and in furtherance of post-acquisition integration, TaxAct adopted its Updated Terms, revising numerous provisions, including its dispute resolution procedures, venue provisions, and its release. Dkt. No. 40 at 7. On January 5, 2024, the *Kirkham* Plaintiffs requested that TaxAct stipulate to not enforce "any provisions of the 2023 Terms of Service against Plaintiffs and any members of the putative Pennsylvania classes in litigation or arbitration." Dkt. No. 36-5. Plaintiffs further informed TaxAct that should it not agree to such a stipulation, Plaintiffs would "seek appropriate declaratory and injunctive relief." *Id.* TaxAct promptly informed Plaintiffs in writing that it was willing to formally stipulate that it would not enforce Sections 9, 13, and 14 against Plaintiffs or any members of any certified class. *See* Dkt. No. 36-5. Rather than respond—presumably unsatisfied by the announcement of a nationwide settlement in principle on January 10, 2024, which resulted in a same-day stay in the *Smith-Washington* matter—without further notice on January 11, 2024, Plaintiffs filed their Motion for a Protective Order Under Fed. R. Civ. P. 23(d) ("Plaintiffs' Motion"). Dkt. No. 36.

On January 22, 2024 and in response to a Court order requesting clarification on a stipulation, TaxAct stipulated that: (1) "it will not enforce Sections 9, 13, and 14 of the [Updated Terms] against any member of any class that is certified in the Action" and (2) "it will not enforce Sections 9, 13, and 14 of the ["Updated Terms"] against any member of the putative Class or putative Married Joint Filer Class with respect to any claims that have been or could be asserted in this Action until the Court's determination of whether the Action will proceed on behalf of a certified class." Dkt. No. 41. On February 12, 2024, rather than simply entering the agreed upon stipulation as an order of the Court, this Court ordered the *sua sponte* injunctive

relief that exceeded the bounds of the stipulation and further orders a public posting of the Order on TaxAct's website at issue here. Dkt. No. 50.

## ARGUMENT

### I. The Court Should Stay and Reconsider Its Order to Avoid Confusion, Undue Prejudice and Inconsistent Rulings.

This Court has the inherent power to stay its own Order to prevent undue prejudice and confusion to TaxAct customers, including putative nationwide class members, and to prevent inconsistent rulings between this Court and Judge Chhabria in the first-filed *Smith-Washington* matter. *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014) ("the decision whether to grant a stay is within the district court's discretion because 'it is a matter of the court's inherent power to conserve judicial resources by controlling its own docket.'") (citation omitted); *see also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This Court also has the power to reconsider its Order. *See Acosta v. Cent. Laundry, Inc.*, 273 F. Supp. 3d 553, 555 (E.D. Pa. 2017). Reconsideration is warranted if a party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Marcum v. Columbia Gas Transmission, LLC*, 658 F. Supp. 3d 252, 260 (E.D. Pa. 2023) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Manifest injustice generally means that the Court overlooked some dispositive factual or legal matter that was presented to it." *United States v. Gates*, No. CR 17-564, 2020 WL 3407132, at *1 (E.D. Pa. Apr. 21, 2020)

(quoting *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC DNV Energy*, 2017 WL 2985432, at *6 (W.D. Pa. July 13, 2017)).

As set out above, the *Smith-Washington* case is the first-filed putative class action against TaxAct alleging the improper dissemination of confidential tax information to third-party advertisers through the use of online tracking technology including the Facebook/Meta Pixel. Both *Smith-Washington* and *Kirkham* involve alleged conduct by TaxAct prior to November 23, 2022 and both include a putative class that includes Pennsylvania consumers (and married filers) who used TaxAct's website to prepare a tax return. Consequently, any order issued by Judge Chhabria in *Smith-Washington* potentially affects the rights of putative class members in the *Kirkham* matter and vice versa, any orders in this Court potentially affects the rights of a subset of putative class members in the *Smith-Washington* matter. It is for this reason that Courts readily stay later filed overlapping class actions in favor of the first-to-file matter. *See Schwarz v. Prudential–Bache Securities, Inc.*, 1991 WL 137157, *1 (E.D. Pa. July 19, 1991) (granting stay where parties in class action of which plaintiff was potential member had "reached an agreement in principle to settle all claims that class members may have"); *Packer v. Power Balance, LLC*, 2011 WL 1099001 at *2 (D.N.J. March 22, 2011) (granting stay pending consideration of nationwide class settlement, and noting "[i]t would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time" another judge "is considering the nationwide settlement"); *see also Chartener v. Provident Mut. Life Ins. Co.*, No. CIV.A. 02-8045, 2003 WL 22518526, *1 (E.D. Pa. Oct. 22, 2003) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.") (citation omitted). District courts in the Third Circuit also stay proceedings pending the resolution of litigation that "involves substantially similar

issues and its resolution may narrow or eliminate the need to litigate those issues here." *Aerotek, Inc. v. Beacon Hill Staffing Grp., LLC,* No. CV 18-2645, 2019 WL 1455337, *1, 7 (E.D. Pa. Apr. 2, 2019) (staying case pending the resolution of a Maryland suit with similar issues).

While any further action of this Court, including the February 12 Order, is inconsistent with Judge Chhabria's complete February 10 stay pending determination of the motion for preliminary approval of a nationwide settlement class, the public-facing posting of the Order and its "no communication" requirements raises the possibility of  prejudice TaxAct and could lead to confusion for its current and former customers

*First*, posting the Order above TaxAct's Updated Terms means that *all* TaxAct users will see it—including the vast majority of TaxAct customers who did not use TaxAct's services while in Pennsylvania and therefore are not part of any putative class within the jurisdiction of this Court and the *Kirkham* complaint. Plaintiffs' proposed putative classes are narrowly defined to apply to only Pennsylvania residents within a certain date range, and Plaintiffs do not seek the certification of a nationwide class. [3] Many of the consumers presented with the Updated Terms will have had no prior relationship with TaxAct and are undisputedly subject to the new terms in full.[4] As such, the Order's broad injunctive terms are not narrowly tailored to the alleged

[3] Plaintiffs bring this class action on behalf of two putative classes. The first putative class is defined as "[a]ll persons who used TaxAct's online tax preparation software from *within Pennsylvania* to prepare and/or file a tax return during the time that Meta Pixel or Google Analytics coding was present and active on TaxAct's website and/or its other online mobile and desktop applications up and until November 23, 2022." Dkt. No. 27 at 15 (emphasis added). The second putative class is defined as "[a]ll persons whose spouses used TaxAct's online tax preparation software from *within Pennsylvania* to prepare and/or file a joint tax return during the time that Meta Pixel or Google Analytics coding was present and active on TaxAct's website and/or its other online mobile and desktop applications up and until November 23, 2022." *Id.* (emphasis added). Plaintiffs do not bring claims on behalf of any other alleged class. *See id.*

[4] Even past customers' relationships moving forward with TaxAct, i.e. for use of the site in 2024, would clearly be covered by the Updated Terms. Plaintiffs may dispute this but any decision on those merits is not before this Court.

putative classes in this case and will result in potentially millions of customers seeing and being confused by an Order that has no effect on them at all.

*Second*, the Order itself does not provide context to everyday consumers and users of TaxAct's website who would encounter its Updated Terms and determine whether to enter into a customer relationship with TaxAct. Without context, they will likely have no idea what the *Kirkham* case is about, who is in the "putative class", what a "Protective Order" is, that the litigation has not reached any decisions on the merits, or even whether the Order applies to past conduct or current use of the website, as just a few of potentially many examples of confusion. Further heightening the potential prejudice, TaxAct would have no ability to answer questions about its terms (current or past) if raised, for example, with its customer care team.

*Third*, the Order itself has a chilling effect on the potential settlement and nationwide resolution of the claims filed against TaxAct. Because the *Smith-Washington* matter includes putative class members in *Kirkham* and the Order contains "no-contact" language, TaxAct would be prohibited from sending class notice and from speaking with represented individuals who may want to explore settlement with TaxAct in an arbitration or non-litigation path. The Order would also unnecessarily and likely unintentionally entangle this Court with decisions being made by Judge Chhabria in *Smith-Washington* and result in the expenditure of unnecessary judicial resources.

Finally, the Order is unnecessary to enforce the Parties' prior agreement. As a primary matter, TaxAct already has stipulated not to enforce Sections 9, 13, and 14 of its Updated Terms against any putative class member in this matter until there is a decision on class certification. *See* Dkt. No. 41. Moreover, if approved, the nationwide settlement of the alleged claims,

including the claims in *Kirkham,* would moot the concerns raised by Plaintiffs with the respective Sections 9, 13 and 14 regarding release, class waiver, and dispute resolution.

## II. To the Extent The Court Nevertheless Concludes that a Complete Stay of the Order is Unwarranted and an Immediate Notice on TaxAct's Website is Required without the Benefit of Additional Briefing, It Should Allow TaxAct to Post its Proposed, Plain-Language Notice.

To the extent the Court disagrees with TaxAct's position that it should stay its prior Order and requires some posted notice, the Court should permit TaxAct to post the following plain-English notice above the Updated Terms.

> **Sections 9, 13 and 14 of these Terms were updated as of December 31, 2023 and do not apply to claims in pending class action litigation *Kirkham v. TaxAct*, Civil Action No.: 2:23-CV-3303-WB (E.D. Pennsylvania). TaxAct customers who filed their online DIY consumer 1040 returns between January 1, 2018 to December 31, 2022 should refer to the Terms regarding release, venue, and dispute resolution that were applicable at the time of filing your tax return online through TaxAct.**

## CONCLUSION

For the reasons set forth above, including the prejudice and confusion that will ensue should TaxAct be required to comply with the terms of the February 12, 2024 Order, the Court should grant TaxAct's Emergency Motion for a Stay and Reconsider its prior Order.

Dated: February 16, 2024

Respectfully submitted,

/s/ *James W. Ducayet*

James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
Ankur Shingal (*pro hac vice*)
ashingal@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Tyson Y. Herrold (314262)
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (215) 564-3286
therrold@bakerlaw.com

*Attorneys for Defendant TaxAct, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | : | Civil Action No.: 3-CV-3303-WB<br><br>**ECF CASE** |

**[PROPOSED] ORDER**

And now, on this _____ day of _____________, 2024, upon consideration of Defendant TaxAct, Inc.'s EMERGENCY MOTION TO STAY THE COURT'S FEBRUARY 12, 2024 ORDER (DKT. NO. 50), and any opposition filed by Plaintiffs, it is ORDERED that:

1. This Court's February 12, 2024 Order and any enforcement thereof is stayed in its entirety. The Court will consider a renewed Motion by Plaintiffs' Counsel for a Protective Order, should this Court deny TaxAct's forthcoming request to stay this matter in its entirety pending the outcome of the preliminary approval motion in the *Smith-Washington* case.

_______________________________
WENDY BEETLESTONE
U.S. DISTRICT COURT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 3-CV-3303-WB<br><br>**ECF CASE** |

**[PROPOSED] ORDER**

And now, on this _____ day of _____________, 2024, upon consideration of Defendant TaxAct, Inc.'s EMERGENCY MOTION TO STAY THE COURT'S FEBRUARY 12, 2024 ORDER (DKT. NO. 50), and any opposition filed by Plaintiffs, it is ORDERED that:

1. In lieu of posting the Court's Order, Dkt. No. 50, on its website, TaxAct shall post the following language on its website above the December 22, 2023 update to its Terms of Service and License Agreement immediately: "Sections 9, 13 and 14 of these Terms were updated as of December 31, 2023 and do not apply to pending claims in class action litigation *Kirkham v. TaxAct, Inc.*, No. 3-CV-3303-WB (E.D. Pa.). TaxAct customers who filed their online DIY consumer 1040 returns between January 1, 2018 to December 31, 2022 should refer to the Terms regarding release, venue, and dispute resolution applicable at the time of filing your tax return online through TaxAct."

______________________________
WENDY BEETLESTONE
U.S. DISTRICT COURT JUDGE

## **CERTIFICATE OF SERVICE**

I, James W. Ducayet, certify that on this 16th day of February, 2024, I caused the foregoing EMERGENCY MOTION TO STAY THE COURT'S FEBRUARY 12, 2024 ORDER (DKT. NO. 50), including accompanying Memorandum of Law, to be filed on the Court's ECF system where it is available for viewing and downloading.

*/s/ James W. Ducayet*
James W. Ducayet