IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and<br><br>MATTHEW SESSOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | : | Civil Action No. 2:23-CV-3303-WB<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TAXACT, INC.'S MOTION TO STAY OR RECONSIDER THE PROTECTIVE ORDER**

COHEN, PLACITELLA & ROTH, P.C.
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jgoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

## I. Introduction

By designating Cohen, Placitella & Roth, P.C., James P. Goslee, Michael Coren, Eric S. Pasternack, and Jared M. Placitella as Interim Class Counsel, this Court charged them with the "responsibil[ity] for protecting the interests of the class[es] during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual Complex Litigation 4th ed., § 21.11. Disregarding the Court's Interim Class Counsel Order, (ECF No. 49), Defendant TaxAct, Inc. asks this Court to stay or reconsider the February 12, 2024 Protective Order (ECF No. 48) because it prefers to settle the claims of its Pennsylvania users—the members of the putative Classes here—with other counsel. ECF Nos. 53 and 54. While TaxAct may want to negotiate a settlement with the plaintiffs and their counsel in *Smith-Washington v. TacAct, Inc.*, No. 23-00830 ("California Action"), TaxAct is not free to ignore this Court's orders. Recognizing that, TaxAct's arguments on why the Protective Order should be stayed or reconsidered fall away considering that Protective Order recites the Stipulation the parties here agreed to, word-for-word. Exhibit A (ECF No. 42).

TaxAct's Motion to Stay or Reconsider the Protective Order should be denied for the reasons below and those set forth in Plaintiff's Motion for a Protective Order, (ECF. No. 36), which Plaintiffs incorporate here.

## II. Argument

TaxAct's argument that the Protective Order is "prejudicial and confusing" makes little sense as it tracks exactly what TaxAct agreed to. That is, TaxAct

cannot enforce Section 9, 13, and 14 of the 2023 Terms of Service if this matter is certified as a class action. Exhibit A (ECF No. 42). Given that the curative notice aspect of the Protective Order merely publicizes (and effectuates) that agreement, without which, the members of the putative Classes would otherwise have no way of knowing that Interim Class Counsel have obtained an agreement from TaxAct that protects their rights and interests, TaxAct cannot justify the "extraordinary" relief it seeks here. *See Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 609 (M.D. Pa. 2016) ("A stay is an extraordinary measure"); *In re Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008) ("Reconsideration is an extraordinary remedy, and a court should grant it very sparingly."). TaxAct is thus left arguing that the Protective Order should be stayed or reconsidered because it hopes to settle the claims of the members of the putative Pennsylvania Classes in the California Action.[1] There are several problems with TaxAct's flawed reasoning here.

To begin, TaxAct overstates the scope and significance of Judge Chhabria's

[1] To be clear, Interim Class Counsel were never offered a seat at the table to directly participate in the settlement negotiations that took place in California. To the contrary, when notified of the mediation's advent, Interim Class Counsel offered to attend and participate in person and in good faith when and wherever. TaxAct however made it clear it had no interest in Interim Class Counsel meaningfully participating as it preferred to negotiate with counsel representing the plaintiffs in the California Action so that it could apparently obtain a global settlement without regard to the specific and distinct interests of TaxAct's Pennsylvania direct and indirect users who enjoy greater protections under Pennsylvania law than most, if not all, others. *See* 18 Pa. C.S. § 5701, *et seq.* ("Pennsylvania Wiretap Act"); *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 129 (3d Cir. 2022) (observing that the Pennsylvania Wiretap Act "is to be strictly construed to protect individual privacy rights").

Order. As TaxAct sees it, "any further action of this Court, including the February 12 Order, is inconsistent with Judge Chhabria's complete February 10 stay pending determination of the motion for preliminary approval of a nationwide settlement class." That, however, bears no resemblance to the provisions of the Order he issued, which provides:

> (1) ***All dates and deadlines are stayed in this case***;
>
> (2) The January 11, 2024, hearing on Plaintiffs' motion of leave to file their proposed Second Amended Complaint and Plaintiffs' motion for protective order and corrective notice is taken off calendar;
>
> (3) The January 25, 2024, hearing on TaxAct, Inc.'s motion to compel arbitration and stay proceedings is taken off calendar;
>
> (4) The June 7, 2024, case management conference is taken off calendar; and
>
> (5) The parties will file a finalized settlement agreement and joint motion for preliminary approval of the settlement by February 16, 2024.[2]

Exhibit B (emphasis added). Contrary to TaxAct's representation of Judge Chharbia's Order, he did not stay all litigation against TaxAct. He only stayed the proceedings in the *Smith-Washington* Action before him. TaxAct's argument moreover ignores Judge Chhabria's Standing Order for Civil Cases, which provides that "[a]bsent extraordinary circumstances, the Court will not enjoin current or future litigation in other courts based on conduct covered by the release." Exhibit C (available at https://www.cand.uscourts.gov/wp-content/uploads/judges/chhabria-vc/VC-Civil-Standing-Order-2023-06-01.pdf (last visited February 18, 2024)).

Besides exaggerating the significance and scope of Judge Chhabria's Order,

---

[2] This later deadline was subsequently moved to February 23, 2024.

TaxAct fails to appreciate the importance of this Court's Interim Class Counsel Order in claiming that a conflict exists between this Action and the California Action. TaxAct indeed fails to even acknowledge the existence of the Court's Interim Class Counsel Order. That omission—whether by design or inadvertence—exposes the fundamental flaw in TaxAct's argument.

TaxAct presupposes that Interim Class Counsel and the counsel representing the plaintiffs in the California Action have equal claim to representing the putative Class Members here, with the one difference being that TaxAct prefers to work with the plaintiffs' counsel in the California Action ostensibly because they have agreed to a settlement that TaxAct prefers. Plaintiffs' counsel in the California Action do not however stand on equal footing with Interim Class Counsel. Unlike Interim Class Counsel, who have been appointed by this Court to represent the interests of the putative Class here, counsel in the California Action have not been appointed as an interim or class counsel of any class. That distinction is critical and lays bare TaxAct's contempt for this Court's authority and judgment.

TaxAct's other arguments fare no better.

First, TaxAct contends that the Protective Order should be stayed or reconsidered because "all TaxAct users will see it." That does not however obviate the need to publish the curative notice. In granting the Protective Order, this Court found that the curative notice is necessary to protect the putative Class Members.

Second, TaxAct's argument that the Protective "Order itself does not provide context to everyday consumers and users of TaxAct's website" unfairly discounts the

clarity of the Protective Order, which was based on language TaxAct agreed to. Exhibit A. If TaxAct is genuinely concerned that users of TaxAct's website "have no idea what the *Kirkham* case is about," there is a simple solution: TaxAct can make available and post links on its website to the Amended Complaint and TaxAct's Answer. That would provide any necessary context.

Third, given this Court's appointment of Plaintiffs' Counsel as Interim Class Counsel, TaxAct is wrong in arguing that the Protective Order would have a "chilling effect on the potential settlement and nationwide resolution of the claims filed against TaxAct." TaxAct remains free to negotiate a settlement with the duly appointed Interim Class Counsel and Plaintiffs in these proceedings while discovery simultaneously proceeds as the Court has ordered. TaxAct also overlooks that the Protective Order allows TaxAct to communicate with the members of the putative Classes here with the Court's approval.

Fourth, TaxAct's argument that the Protective Order "is unnecessary" is *ipse dixit* and contrary to this Court's determination that the Protective Order was necessary to protect the members of the putative Pennsylvania Classes here.

Finally, TaxAct argues in the alternative that it should be allowed to post its proposed notice in place of the Court's Protective Order. That request should be denied. For starters, it offers no improvement over what the Court fashioned and ordered be posted. TaxAct's proposed language is moreover misleading and risks creating confusion in several respects.

TaxAct's requested version, like the language in the Protective Order—which

again, was modeled on the parties' Stipulation, TaxAct's proposed language—"refers to Sections 9, 13, and 14" of the 2023 Terms of Service and to "*Kirkham v. TaxAct*, Civil Action No.: 2:23-CV-3303-WB (E.D. Pennsylvania)." Given those similarities, it is far from obvious why TaxAct believes its proposed language is clearer. What is apparent though is why TaxAct wants its alternative language used.

Its statement that "these Terms were updated as of December 31, 2023 and do not apply to claims in pending class action litigation" omits why those terms do not apply. That omission is significant because even now, TaxAct claims that it can enforce the 2023 Terms of Service against the members of the putative Classes if no class is certified in this Action. That is problematic because TaxAct's proposed language implies that TaxAct cannot enforce the 2023 Terms of Service whether or not a class is certified here. TaxAct has not agreed to that. Someone reading TaxAct's proposed language would have no way of knowing that.

The second sentence of TaxAct's proposed language reads is similarly misleading:

> TaxAct customers who filed their online DIY consumer 1040 returns between January 1, 2018 to December 31, 2022 should refer to the Terms regarding release, venue, and dispute resolution that were applicable at the time of filing your tax return online through TaxAct.

That statement implies that this Court has determined that the putative Class Members are subject to TaxAct's Terms of Service on these issues. As no such finding has been made, this statement risks creating confusion and is prejudicial.

TaxAct's unspoken but thinly veiled objection to complying with this Court's Protective Order is that it would be bad for its business. On balance, TaxAct's

concern that its users might learn about this litigation, and in turn, how, without fair notice, TaxAct sought and took measures to curtail their civil rights and abate their claims, pales in comparison with the needs of the members of the putative Classes here and their ability to make an informed decision about whether to continue using TaxAct's services. TaxAct's concerns are neither proper nor sufficient to justify the extraordinary remedies of a stay or reconsideration of the Protective Order, which embodies TaxAct's agreement to not enforce Sections 9, 13, and 14 of the 2023 Terms of Service if a class is certified here.

## III. Conclusion

For all these reasons, TaxAct's Motion to Stay or Reconsider the Protective Order should be denied.

Respectfully submitted,

COHEN, PLACITELLA & ROTH, P.C.

By: /s/ Eric S. Pasternack
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jgoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

Dated: February 19, 2024