IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and<br><br>MATTHEW SESSOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | : | Civil Action No. 2:23-CV-3303-WB<br><br>Jury Trial Demanded |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs James Kirkham and Matthew Sessoms, by and through their undersigned attorneys, respectfully move for reconsideration of the Court's March 15, 2024 Opinion (ECF No. 79) and Order (ECF No. 80) on the basis that the Supreme Court of Texas has recognized that "an arbitration provision that is part of a larger underlying contract . . . remains illusory if the contract permits one party to legitimately avoid its promise to arbitrate such as by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." *See Royston, Rayzor, Vickery, & Williams, LLP*, 467 S.W.3d 494, 505 (Tex. 2015).

In support of this Motion for Reconsideration, Plaintiffs rely upon the accompanying Memorandum of Law, which is incorporated herein.

A proposed form of order is submitted herewith.

Respectfully submitted,

COHEN, PLACITELLA & ROTH, P.C.
By: /s/ Eric S. Pasternack
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jGoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

Dated: March 19, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and<br><br>MATTHEW SESSOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | : | Civil Action No. 2:23-CV-3303-WB<br><br>Jury Trial Demanded |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION**

Plaintiffs James Kirkham and Matthew Sessoms move for reconsideration of the Court's March 15, 2024 decision on TaxAct, Inc.'s Third Motion to Compel Arbitration (ECF Nos. 79, 80). Citing the Texas Supreme Court's decision in *In re AdvancePCS Health L.P.*, 172 S.W.3d 603 (Tex. 2005), the Court observed that "when an arbitration clause is part of an underlying contract[,]" "the rest of the parties' agreement provides the consideration." (ECF No. 79, pg. 13 (quoting *AdvancePCS Health*, 172 S.W.3d at 607)). Since the *AdvancePCS* decision, the Texas Supreme Court has however clarified that even when an arbitration provision is part of a larger underlying contract, the "arbitration provision remains illusory if the contract permits one party to legitimately avoid its promise to arbitrate, such as

by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." *Royston, Rayzor, Vickery, & Williams, LLP*, 467 S.W.3d 494, 505 (Tex. 2015); *see also Nelson v. Watch House Int'l*, 815 F.3d 190, 193 (5th Cir. 2016). Because both the Texas Supreme Court and the Fifth Circuit recognized this exception, movants respectfully ask this Court to grant reconsideration, and in turn, vacate the March 15, 2024 Order and deny TaxAct's Motion to Compel Arbitration.

## STANDARDS FOR RECONSIDERATION

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Acosta v. Central Laundry, Inc.*, 273 F. Supp. 3d 553, 555 (E.D. Pa. 2017) (Beetlestone, J.) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration will be granted if the movant shows '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

## ARGUMENT

Because "state courts are the ultimate expositors of state law[,]" *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975), this Court should grant reconsideration of the March 15, 2024, decision. As this Court recognized, "[a]n agreement to arbitrate, like other contracts, must . . . be supported by consideration." (ECF No. 79, pgs. 12-13 (quoting *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014)). The general rule is that "binding promises are required on both sides" of an arbitration

agreement "as they are the only consideration rendered to create a contract." *AdvancePCS Health*, 172 S.W.3d at 607. "But when an arbitration clause is part of an underlying contract, the rest of the parties' agreement provides the consideration." *Id.* This later principle however is not without exception itself. As the Texas Supreme Court later recognized in *Royston*, "an arbitration provision that is part of a larger underlying contract . . . remains illusory if the contract permits one party to legitimately avoid its promise to arbitrate such as by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." *Royston*, 467 S.W.3d at 505.

The Texas Supreme Court's recognition in *Royston* that an arbitration agreement "remains illusory" if one party can unilaterally amend the arbitration provision even if it is part of a larger underlying contract echoes—and, indeed, confirms the validity of—the Fifth Circuit's determination of Texas law in *Nelson*. Like the Texas Supreme Court in *Royston*, the Fifth Circuit observed in *Nelson* that an arbitration provision that is part of a larger contract "remains illusory if the contract permits one party to legitimately avoid its promise to arbitration, such as by unilaterally amending or terminating the arbitration provision and completely escaping arbitration." *Nelson*, 815 F.3d at 193. Thus, according to the Fifth Circuit, an arbitration agreement is not illusory only if the power to terminate or modify it "(1) extends only to prospective claims, (2) applies equally to both" parties and (3) requires advance notice before the modification or termination is effective. *Id.* at 194 (citing *In re Halliburton Co.*, 80 S.W.3d 566, 569-70 (Tex. 2002)). Consistent

with the Fifth Circuit's decision in *Nelson*, the Texas Supreme Court found in *Royston* that the arbitration agreement in question there was not illusory because it did "not allow either party to unilaterally escape or modify the obligation to arbitrate covered claims." *Royston*, 467 S.W.2d at 505-06.

Unlike the agreement at issue in *Royston*, TaxAct's Terms of Service afford it "the right, at any time, to change the terms of this Agreement." Jaeger Decl., Exhibit G-2. The "Modifications" provision of the Terms of Service does not require that TaxAct provide users with advance notice of amendments or modification. Nor for that matter does it limit any amendments or modifications to prospective claims. The "Modifications" provision of TaxAct's Terms of Service rather states that "TaxAct's posting a notice or updating the terms of this Agreement for the then current tax year will not amend or modify the terms for any prior tax year ***unless*** the terms expressly indicate prior year terms are also amended or modified." *Id.* (emphasis added). TaxAct thus has a unilateral right to amend the Terms of Service to apply retroactively without advance notice subject only to the requirement that the updated terms of service expressly state that they apply retroactively. The arbitration provision therefore lacks requisite mutuality and is consequently illusory and unenforceable under Texas law.

When deciding the TaxAct's Motion to Compel Arbitration, the Court appears to have believed that only the Fifth Circuit had spoken on this issue. However, as both the Texas Supreme Court and the Fifth Circuit have recognized that an arbitration agreement "remains illusory" if one party can unilaterally amend the

arbitration provision even if it is part of a larger underlying contract. This Court should therefore grant reconsideration and deny TaxAct's Third Motion to Compel Arbitration (ECF No. 55).

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that this Court grant their Motion for Reconsideration and deny TaxAct's Third Motion to Compel Arbitration.

Respectfully submitted,

COHEN, PLACITELLA & ROTH, P.C.

By: /s/ Eric S. Pasternack
James P. Goslee (#203043)
Michael Coren (#31037)
Eric S. Pasternack (#320127)
Jared M. Placitella (#321333)
2001 Market St., Suite 2900
Philadelphia, PA 19103
(215) 567-3500
jGoslee@cprlaw.com
mcoren@cprlaw.com
epasternack@cprlaw.com
jmplacitella@cprlaw.com

Dated: March 19, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and<br><br>MATTHEW SESSOMS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:23-CV-3303-WB<br><br>Jury Trial Demanded |

**[PROPOSED] ORDER**

This Matter having been opened to the Court by Plaintiffs James Kirkham and Matthew Sessoms, through the undersigned counsel, Cohen, Placitella & Roth, P.C., by way of a motion for reconsideration of the Court's March 15, 2024 Opinion (ECF No. 79) and Order (ECF No. 80); and, the Court having considered the papers filed in support of the motion and in opposition thereto, if any, and for good cause shown;

IT IS on this ____ day of ________________ 2024,

ORDERED that Plaintiffs' Motion for Reconsideration is granted; and

ORDERED that Defendant TaxAct, Inc.'s Third Motion to Compel Arbitration and Stay Litigation (ECF No. 55) is hereby denied.

_________________________________________

The Hon. Wendy Beetlestone, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM, on behalf of himself and all others similarly situated, and | : | Civil Action No. 2:23-CV-3303-WB |
| MATTHEW SESSOMS, on behalf of himself and all others similarly situated, | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| v. | : | |
| TAXACT, INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, James P. Goslee, hereby certify that on the 19th day of March 2024, on behalf of Plaintiff James Kirkham and Plaintiff Matthew Sessoms, I caused Plaintiffs' Motion for Reconsideration to be filed and served via CM/ECF on all counsel of record in accordance with the Federal Rules of Civil Procedure.

By: /s/ Eric S. Pasternack
Eric S. Pasternack (#320127)

Dated: March 19, 2024