UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KIRKHAM and MATTHEW SESSOMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAXACT, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 2:23-CV-3303-WB<br><br>**ECF CASE** |

**DEFENDANT TAXACT, INC.'S OPPOSITION TO PLAINTIFF KIRKHAM'S MOTION FOR RECONSIDERATION**

## INTRODUCTION

There is no legal basis for Plaintiff Kirkham's Motion for Reconsideration ("Motion"). Plaintiff Kirkham's Motion raises the same argument—that TaxAct's Arbitration Agreement is allegedly illusory—that was previously addressed in the parties' briefing, and that this Court rejected when it held both that "the arbitration agreement is supported by adequate consideration," and "Kirkham received reasonable notice of the 2020 Terms of Service, and he assented to the arbitration agreement contained therein." Dkt. No. 79 at 12-13, 18; *see* Dkt. No. 70 at 12-15; Dkt. No. 73 at 5-6. Accordingly, Kirkham seeks to relitigate the same issues that this Court already decided by simply citing (slightly) different case law.

That is not a proper basis for reconsideration. In any event, Kirkham's argument remains wrong. The Court should deny the Motion.

## BACKGROUND

The Terms, which contain the Arbitration Agreement, include a "Modifications" provision. Dkt. 55-8 at 3. This provision provides that "TaxAct reserves the right, at any time, to change the terms of this Agreement." *Id.* However, TaxAct must provide notice of the changes. *Id.* ("TaxAct will provide you with notice of such changes, such as by sending an email, posting a notice on the Services or updating the date at the top of this Agreement."). As a default, any modifications to the Terms "will not amend or modify the terms for any prior tax year unless the terms expressly indicate prior year terms are also amended or modified." *Id.* A user must acknowledge acceptance of the Terms every time they file a tax return using TaxAct, and a user's continued use of TaxAct's services confirms the user's acceptance of the modified terms. *Id.* ("Your continued use of the Services after any such changes will confirm your acceptance of the then-current version of this Agreement.").

The Arbitration Agreement also includes an opt-out provision, which has clear instructions on how to opt out: "You have the right to opt out of binding arbitration within thirty (30) days of the date you first accepted the terms of this Section by sending an email to arbitration@taxact.com." Dkt. No. 55 at 13; Dkt. No. 55-8 at 5. There is no penalty for opting out. TaxAct has no record of Kirkham attempting to opt out of his obligation to arbitrate, and Kirkham does not allege that he attempted to opt out. Dkt. No. 55 at 15; Dkt. 55-1 at 8.

**LEGAL STANDARD**

To obtain reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Marcum v. Columbia Gas Transmission, LLC*, 658 F. Supp. 3d 252, 260 (E.D. Pa. 2023) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *see also United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) ("The purpose of such a motion [for reconsideration] is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling. Such motions are granted for compelling reasons, such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier.") (citations omitted and cleaned up). As such, a motion for reconsideration may not be used to give a litigant a "second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *see also*, *e.g.*, *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014) (motion cannot "be used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis."), *opinion clarified on denial of reconsideration* (Apr. 7, 2014); *Liverman v. Gubernik*, No. CIV.A. 10-1161, 2010

WL 4054195, at *1 (E.D. Pa. Oct. 15, 2010) (motion cannot be "grounded on a request that a court consider repetitive arguments that have been fully examined by the court").

**ARGUMENT**

Kirkham's Motion again asserts the argument raised in his Opposition Brief: that TaxAct's Arbitration Agreement is "illusory." Dkt. No. 83 at 3-4, 5; *see* Dkt. No. 70 at 13-15. This Court considered and rejected that argument, holding both that "the arbitration agreement is supported by adequate consideration," and "Kirkham received reasonable notice of the 2020 Terms of Service, and he assented to the arbitration agreement contained therein." Dkt. No. 79 at 12-14, 18; *see also id.* at 13 ("The 2020 Terms of Service, which contains many provisions setting forth the contractual terms between TaxAct and its users as well as the arbitration provision at issue, is supported by mutual obligations and forbearances."). Kirkham now cites *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 505 (Tex. 2015)—which his opposition brief cited for a slightly different point, *see* Dkt. 70 at 13—and which applies the same rules as in other subsequent cases he already had cited in purported support of his illusory contract argument. *Compare* Dkt. No. 70 at 13-14 (premising the same arguments now made through *Royston* on *Nelson v. Watch House Int'l, LLC,* 815 F.3d 190, 193 (5th Cir. 2016)), *with* Dkt. No. 83 at 5-6 (also relying on *Nelson*, calling it "[l]ike . . . *Royston*"), *and id.* at 5 (claiming *Royston* "echoes—and, indeed, confirms the validity of—the Fifth Circuit's determination of Texas law in *Nelson*," notwithstanding that *Nelson* was decided *after Royston* and relied on the same line of Texas state court precedents). More prominent citations to *Royston* aside, Kirkham's Motion is just a second bite at the apple. That is an improper basis upon which to seek reconsideration.

Moreover, Kirkham's illusory agreement argument is still wrong. The rule from *Royston* upon which Kirkham relies is "an arbitration provision . . . remains illusory if the contract permits one party to legitimately avoid its promise to arbitrate such as by unilaterally amending or

terminating the arbitration provision and completely escaping arbitration." Dkt. No. 83 at 5; *see* Dkt. 70 at 13-14 (quoting the exact same rule from *Nelson*); Dkt. No. 83 at 5 (doing so again via *Nelson*). That rule does not help Kirkham for at least two reasons.

*First*, Kirkham fails to acknowledge, much less address, the fact that the Arbitration Agreement includes a penalty-free opt-out provision. As such, *both* parties here had the ability "to choose whether to arbitrate," which distinguishes this case from others where an illusory agreement may exist. *See Royston*, 467 S.W.3d at 505 ("An arbitration agreement is illusory if it *binds* one party to arbitrate, while allowing the other to choose whether to arbitrate." (emphasis added)); *see also MasterWord Servs., Inc. v. Hennecart*, No. 14-22-00021-CV, 2023 WL 4883309, at *3 (Tex. App. Aug. 1, 2023) (Holding an arbitration agreement "is illusory and unenforceable" because arbitration was "'at [MasterWord's] option[,]'" while entirely binding Hennecart to arbitrate). Kirkham's failure to even address the opt-out provision is notable, especially because TaxAct pointed out the same hole in Plaintiffs' argument in their reply brief. *See* Dkt. No. 73 at 6.

Thus, even under *Royston's* definition of illusory arbitration agreements, the opt-out provision provides users with the choice whether to arbitrate their disputes with TaxAct, preventing TaxAct from having the unilateral ability to escape from its obligations under the Arbitration Agreement.[1] Kirkham repeatedly assented to the Terms, and he never opted out of the

[1] In contrast, many of the cases in which Texas and Fifth Circuit courts have held that arbitration provisions are illusory are situations in which only one side has the unconstrained ability to back out of their promise to arbitrate, which is not the case here. *See, e.g.*, *Temporary Alternatives, Inc. v. Jamrowski*, 511 S.W.3d 64, 66, 68 (Tex. App. 2014) (arbitration policy was illusory because employer possessed "the power to unilaterally avoid arbitration by amending the agreement without notice at any time before [the employee] files an arbitration claim", and the policy permitted the employer to "change or modify this arbitration policy from time to time without advance notice or consent of the employees"); *Magdaleno v. PCM Constr. Servs., LLC*, No. H-12-2862, 2014 WL 1760942, at *7 (S.D. Tex. May 1, 2014) (arbitration policy was illusory because it applied only to claims brought by employees and allowed employer in its "sole discretion, to change, revise or eliminate any of its policies as described [t]herein");

Arbitration Agreement, which remained unchanged during Kirkham's entire course of dealing with TaxAct and use of its services. Kirkham's choice to assent to the Arbitration Agreement rather than exercise his right to opt out does not render the Arbitration Agreement illusory by conferring a unilateral right on TaxAct.

*Second*, Kirkham's arguments about modification fail on this record. Even if modification were relevant to Kirkham's claim (and it is not – there is no claim that TaxAct modified the Terms in any relevant respect during the putative Class Period), TaxAct may only modify the Terms, which contain the Arbitration Agreement, with notice. This is permitted under the rule in *Royston*, where the "mere fact that an arbitration clause is one-sided does not make it illusory." 467 S.W.3d at 505. The modification is only valid if customers *choose* to continue their use of TaxAct's services. If TaxAct users do not agree to the modifications, they are required to "immediately discontinue" their use of services. Thus, upon receipt of a notice of a modification, users are given the opportunity to preserve the current form of arbitration or other provisions in the Terms by discontinuing their use of TaxAct's services. Stated differently, users such as Kirkham are *not* obligated to arbitrate claims because they can simply stop using TaxAct's services, as the Terms clearly provide. In any event, modification has no role to play here, because Kirkham first used TaxAct's services and assented to TaxAct's Terms while this arbitration provision was already in effect. The same provision remained in effect for the entire period when Kirkham used the services. *See* Dkt. 55 at 11, 13-15 (Terms went into effect on November 17, 2020, and remained in place until December 22, 2023, whereas Kirkham registered for TaxAct in December 2020 and last logged into his TaxAct account in February 2022).

---

*Weekley Homes, L.P. v. Rao*, 336 S.W.3d 413, 421 (Tex. App. 2011) (arbitration policy was illusory because it gave employer "the unilateral power, at any time, to elect not to enforce any policy or provision").

In sum, the Arbitration Agreement is not illusory, and Kirkham's arguments to the contrary seek to relitigate an issue that this Court has already examined and addressed. Both the opt-out provision and the notice requirement render TaxAct's ability to modify the Arbitration Agreement or otherwise avoid arbitration as mutual rather than unilateral.

## CONCLUSION

For the foregoing reasons, the Court should deny Kirkham's Motion.

Dated: April 2, 2024

Respectfully submitted,

/s/ *James W. Ducayet*

James W. Ducayet (*pro hac vice*)
jducayet@sidley.com
Ankur Shingal (*pro hac vice*)
ashingal@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853 7000
Facsimile: (312) 853 7036

Michele L. Aronson (*pro hac vice*)
maronson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736 8000
Facsimile: (202) 736 8711

Jeffry W. Duffy (81670)
jduffy@bakerlaw.com
Telephone: (215) 564-2916
Tyson Y. Herrold (314262)
therrold@bakerlaw.com
Telephone: (215) 564-3286
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103

*Attorneys for Defendant TaxAct, Inc.*

**CERTIFICATE OF SERVICE**

I, James W. Ducayet, certify that on this 2nd day of April 2024, I caused the foregoing Opposition to Plaintiff Kirkham's Motion for Reconsideration to be filed on the Court's ECF system where it is available for viewing and downloading.

*/s/ James W. Ducayet*
James W. Ducayet